IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 25-cr-93-RMR

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.    JASON CISNEROS

Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Brian Dunn,

Assistant United States Attorney for the District of Colorado, and the defendant, Jason

Cisneros, personally and by counsel, Kilie Landresse, submit the following Plea

Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal

Division of the United States Attorney's Office for the District of Colorado and the

defendant.

## I.    AGREEMENT

### A.  Defendant's Agreement:

The defendant agrees to

(1)    plead guilty to Count 4 of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A)(i) Using a Firearm During and In Relation to a Crime of Violence; and Count 6 of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A)(ii) Using and Brandishing a Firearm During and In Relation to a Crime of Violence;

(2)    waive certain appellate and collateral attack rights, as explained in detail below;

COURT EXHIBIT
1

(3)     be liable for restitution in an amount to be determined at sentencing; and

(4)     agree not to contest forfeiture as more fully described below.

## B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to move to dismiss Counts 1, 2, 3, 5, and 7 of the Indictment with prejudice and recommend a bottom of the guideline (12 year) sentence. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

If the defendant engages in conduct which implicates USSG § § 3C1.1 cmt. N.4 between the guilty plea and sentencing in this case, in addition to any other consequences, the government will be released from its obligations under the plea agreement, and the defendant will not thereby have any right to withdraw from the plea agreement.

## C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement,

the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

    (1)    the sentence exceeds the maximum sentence provided in the statute of conviction;

    (2)    the sentence exceeds 144 months; or

    (3)    the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

    (1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

    (2)    the defendant was deprived of the effective assistance of counsel; or

    (3)    the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D.   Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 2641, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c) whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include but are not limited to: (1) Smith and Wesson MP9 9mm handgun; and (2) all ammunition seized by law enforcement on March 7, 2025. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the

prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

The United States Attorney's Office for the District of Colorado will recommend to the Attorney General that any net proceeds derived from the sale of the judicially forfeited assets be remitted or restored to eligible victims of the offense[s], for which the defendant has pleaded guilty, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. pt. 9, and any other applicable laws, if the legal requirements for recommendation are met]. The defendant understands that the United States Attorney's Office only has authority to recommend such relief and that the final decision of whether to grant relief rests solely with the Department of Justice, which will make its decision in accordance with applicable law.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Brandishing a Firearm During and In Relation to a Crime of Violence are as follows:

### Count 4:  18 U.S.C. § 924(c)(1)(A)(i)

*First*: The defendant, committed the crime of carjacking as charged in count 3 of the indictment, a crime of violence.

*Second*: the defendant used a firearm.

*Third*: during and in relation to the carjacking.

10th Cir. Pattern Jury Instr. 2.45.1

Page 5 of 11

## Count 6:  18 U.S.C. § 924(c)(1)(A)(ii)

*First*: The defendant, committed the crime of carjacking as charged in count 5 of the indictment, a crime of violence.

*Second*: the defendant used a firearm.

*Third*: during and in relation to the carjacking.

*Fourth*: The defendant brandished the firearm.

10th Cir. Pattern Jury Instr. 2.45.1

### III.    STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(i) is: not less than 5 years' imprisonment and not more than lifetime imprisonment, consecutive to any other; maximum term of supervised release 5 years; maximum fine $250,000; $100 mandatory victim's fund assessment fee; restitution.

The maximum sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(ii) is: not less than 7 years' imprisonment and not more than lifetime imprisonment, consecutive to any other; maximum term of supervised release 5 years; maximum fine $250,000; $100 mandatory victim's fund assessment fee; restitution.

### IV.    COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V.    STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18

U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On March 1, 2025, at approximately 2:30pm, victim O.B-M., was loading her grandchildren into her maroon Jeep Cherokee at 728 S Lipan St. A gray Jeep SUV pulled up behind her and the defendant got out of the driver seat. The defendant ran toward the victim and demanded her keys, but the victim refused. The defendant then pushed the victim, causing her to fear for her life, and the victim gave him the keys. The defendant took the maroon Jeep and fled. The defendant stipulates that he was carrying a 9mm functional handgun during the commission of the carjacking. The defendant stipulates that the Jeep Cherokee was manufactured outside of the state of Colorado and travelled in interstate commerce before coming into possession of the defendant that day.

On March 1, 2025, at approximately 2:49pm, the defendant was driving the stolen maroon Jeep Cherokee eastbound on E. Buchtel Ave and Colorado Blvd. The defendant ran a red light and struck a black VW Atlas containing two adults and three children. The defendant fled the accident on foot to 2020 S Colorado Blvd. Victim J.W. was in the parking lot of 2020 S Colorado Blvd in her white Infiniti G20 sedan. The defendant opened the victim's driver door, grabbed the victim by the hair, pulled the victim out of the car,

Page 7 of 11

and threw the victim on the ground. The defendant was pointing a handgun (the functional 9mm firearm described above) at the victim while yelling at her to get out.

Officers responded to the location and observed the defendant fleeing the scene in the white Infiniti sedan. The defendant refused to stop and eluded officers at a high rate of speed. The pursuit continued into downtown, and officers were able to PIT the Infiniti at 14th Street and Blake Street. The defendant fled the damaged vehicle on foot and was tackled. Officers later searched the white Infiniti and found a loaded tan/gold Smith and Wesson MP9 9mm handgun on the front passenger floorboard. One live 9mm bullet was on the front driver seat. There was one live 9mm round in the chamber.

The defendant stipulates that the whit Infiniti Sedan was manufactured outside of the state of Colorado and travelled in interstate commerce before coming into possession of the defendant that day.

The defendant further stipulates that both of the above events described above were carjackings under federal law and that the firearm described above was used in relation to both carjackings (and that it was brandished during the carjacking of J.W.).

All of the conduct described above took place in the State and District of Colorado.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth

below their estimate of the advisory guideline range called for by the United States

Sentencing Guidelines. To the extent that the parties disagree about the guideline

computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good faith estimate of the parties, but it is

only an estimate.  The parties understand that the government also has an independent

obligation to assist the Court in making an accurate determination of the correct

guideline range.  To that end, the government may argue that facts identified in the

presentence report, or otherwise identified during the sentencing process, affect the

estimate below.

### Count 4:

a) Pursuant to § 2K2.4(b), the guideline sentence for a violation of 18 U.S.C. § 924(c) is the minimum term of imprisonment required by statute.  Count 4 charges the defendant with violating 18 U.S.C. § 924(c)(1)(A)(i).  The mandatory minimum term of imprisonment under § 924(c)(1)(A)(i) is 5 years, *i.e.*, 60 months' imprisonment.  Thus, the guideline sentence is 60 months imprisonment.  Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), this sentence shall run consecutive to any other term of imprisonment.

b) Pursuant to guideline §5D1.2(a)(1) and 18 USC § 924(c)(1)(A)(i), the advisory range of that term is not less than 2 years (advisory minimum) and not more than 5 years (statutory maximum).

c) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

d) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term should be at least 2 years, but not more than 5 years.

### Count 6:

a) Pursuant to § 2K2.4(b), the guideline sentence for a violation of 18 U.S.C. § 924(c) is the minimum term of imprisonment required by statute.  Count 6 charges the defendant with violating 18 U.S.C. §

924(c)(1)(A)(ii).  The mandatory minimum term of imprisonment under § 924(c)(1)(A)(ii) is 7 years, *i.e.*, 84 months' imprisonment. Thus, the guideline sentence is 84 months imprisonment.  Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), this sentence shall run consecutive to any other term of imprisonment.

b)    Pursuant to guideline §5D1.2(a)(1) and 18 USC § 924(c)(1)(A)(i), the advisory range of that term is not less than 2 years (advisory minimum) and not more than 5 years (statutory maximum).

c)    Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

d)    Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term should be at least 2 years, but not more than 5 years.

e)    Accordingly, the combined guideline sentence is 144 months imprisonment.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: __9·11·25__

Jason Cisneros
Defendant

Date: __9/11/25__

Kilie Landresse
Attorney for Defendant

Date: __10/2/25__

Brian Dunn
Assistant U.S. Attorney