IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 25-CR-00093-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JASON CISNEROS,

        Defendant.

---

## SENTENCING STATEMENT

---

Jason Cisneros, through counsel, respectfully requests that this Court impose a guidelines sentence of five years for Count 4 and seven years for count 6, consecutive to count 4, for a total of twelve years. The requested sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

### I.    Mr. Cisneros has endured decades of untreated trauma, severe substance use disorder, and previously undiagnosed serious mental illness.

At the time of this offense, Mr. Cisneros was struggling with untreated schizophrenia. His friends and family members were highly concerned for him, because he described serious mental health symptoms that included auditory hallucinations, but they did not know how to help him. After he was arrested for this offense, he was taken to the Denver County Detention Center, where jail

mental health staff initially diagnosed him with Schizophrenia, Bipolar II disorder, and post traumatic stress disorder (PTSD). They prescribed medication to treat his mental health conditions. Recently, Mr. Cisneros was evaluated by Jane Wells, J.D., Ph.D, who, after reviewing his medical and mental health records, interviewing Mr. Cisneros, and administering psychological testing, diagnosed him with Schizophrenia, PTSD, Bipolar Disorder II, and multiple substance use disorders.[1]

Mr. Cisneros began experiencing symptoms of Schizophrenia relatively recently – he cannot remember the precise timeframe, but it was sometime after a 2023 motorcycle accident during which he suffered head trauma. But the traumatic events that precipitated his PTSD began in early childhood. Mr. Cisneros loves both of his parents, but they did not make him feel safe when he was a child. When Mr. Cisneros was as young as six years old, he remembers watching his dad use cocaine and drink alcohol, and even at that tender age, he could recognize the difference between his father's behavior when he was sober and when he was using drugs. Mr. Cisneros remembers multiple times when he jumped in front of his mother to try to shield her from physical abuse by his father. Mr. Cisneros's earliest memory of trying to shield his mother from his father was when he was only eight years old.

His father's gang involvement also placed their family in serious danger. Mr. Cisneros remembers sitting in a car when he was eight years old and someone, or

---

[1] Dr. Wells' report, which includes treatment recommendations, will be submitted to the United States Probation Office (USPO) for attachment to his final presentence investigation report (PSIR).

possibly multiple people, shot multiple bullets into the car. His father pulled him out of the car. Fortunately, Mr. Cisneros was not injured, but the event still scarred him. When he was ten years old, someone broke into their home, tied up Mr. Cisneros and his family members, and robbed them. Mr. Cisneros also remembers police regularly responding to conduct domestic violence investigations at their home.

When he was eighteen years old, Mr. Cisneros was shot in his right leg, his left arm, and the left side of the head for talking to the wrong girl at a party. He did not realize that the girl had a boyfriend, and the boyfriend became angry and possessive and shot him multiple times. Mr. Cisneros did not want to go to a hospital because he feared law enforcement involvement, so he treated his wounds with supplies purchased at Walgreens.

Two years ago, at Christmas, Mr. Cisneros's cousin called him and asked him to come to his house because something terrible had happened. When Mr. Cisneros arrived at the home, he found his cousin dead from a self-inflicted gunshot wound and his cousin's wife also dead from a gunshot wound, which he later learned had been inflicted by his cousin before he killed himself. That same year (2023), Mr. Cisneros also discovered his boss's dead body after his died from a self-inflicted gunshot wound at their place of employment. Mr. Cisneros also went through a divorce in 2023. All of these events affected Mr. Cisneros's mental and emotional well-being. They also aggravated his substance use disorder.

Mr. Cisneros began using drugs and alcohol as a child. He was only eight years old when he began drinking alcohol, which his mother gave him. He began using cocaine and marijuana at thirteen years old. He tried ecstasy at fifteen years old. And he began using Oxycodone at 18 years old. The period since his arrest on March 1, 2025 is his longest period of sobriety since he began using drugs and alcohol as a child. He has been engaging with therapy and psychiatric treatment since his arrest, which has greatly helped him maintain his sobriety and understand his mental health needs and vulnerabilities.

## II.    A twelve-year prison sentence is sufficiently punitive.

A twelve-year prison sentence is a substantial and sufficient punishment for Mr. Cisneros's actions. Mr. Cisneros has five children. His eldest child is sixteen years old and his youngest is only two. Except for his youngest child, all his children will be adults when he is released from prison, and his two-year-old daughter will likely be a teenager. Missing out on the formative years of his children's lives is a significant punishment. He will also miss out on several years that he could have spent reconnecting with his father.

Mr. Cisneros's father, James Garner, was released from prison a month after Mr. Cisneros's arrest for this case after spending fifteen years in Colorado state prison for a crime he did not commit. Mr. Garner was represented by the Korey Wise Innocence Project (KWIP), who helped exonerate him and secure his release

on April 23, 2025.[2] The fact that Mr. Cisneros is entering a lengthy prison sentence just as his father has been freed is a tragedy. Mr. Cisneros has deeply internalized the impact that his actions have had on those around him, including the victims in this case and his own family members. A term of imprisonment beyond the twelve years recommended in the PSIR would be greater than necessary to punish him for his conduct.

### III. Mr. Cisneros objects to the PSIR recommendation that he participate in domestic violence treatment as a condition of supervised release.

Mr. Cisneros is not being sentenced for a domestic violence offense. His most recent domestic violence conviction, which was for misdemeanor harassment, is almost seven years old. While he does have pending cases in state court that include misdemeanor domestic violence allegations, those accusations have not been proven. And any conviction for a domestic violence crime in those cases would likely include a requirement that he complete domestic violence treatment.

Special conditions of release "must satisfy the three statutory requirements laid out in 18 U.S.C. § 3583(d). First, they must be reasonably related to at least one of the following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendants' educational, vocational,

---

[2] *See* Shelly Bradbury, *Colorado judge erases man's conviction in 2009 triple shooting, orders him freed*, The Denver Post (April 23, 2025), https://www.denverpost.com/2025/04/23/james-garner-colorado-wrongful-conviction-vacated/ (last accessed January 2, 2026).

medical, or other correctional needs. Second, they must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. Third, they must be consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Mike,* 632 F.3d 686, 692 (10th Cir. 2011).

The proposed domestic violence treatment condition set forth in the recommendation section of the PSIR (Doc. 29-1) is not reasonably related to the factors set forth in 18 U.S.C. § 3583(d) and involves a greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting Mr. Cisneros's rehabilitation. Mr. Cisneros therefore objects to this proposed condition of release.

## IV.    Conclusion

A sentence of twelve years of imprisonment is a just and sufficiently punitive sentence that affords due weight to the factors set forth in 18 U.S.C. § 3553(a). A lengthier prison sentence would be greater than necessary under these circumstances.

Wherefore, Mr. Cisneros respectfully requests that this Court impose a sentence of twelve years in prison followed by supervised release.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Brian Dunn, Assistant United States Attorney
Brian.Dunn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jason Cisneros (via U.S. Mail)

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant